712 P.2d 719

**Ronnie R. PIERCE,
Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 14976.**

Court of Appeals of Idaho.

Dec. 24, 1985.

Robert W. Galley, Twin Falls, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Ronnie Pierce was found guilty by a jury of robbery for aiding and abetting the hold-up of a convenience store. He took a direct appeal from his conviction which this Court decided in *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984) (*Pierce I*). This is a separate appeal Pierce has taken from an order dismissing a petition for post-conviction relief filed pursuant to the Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901 to –4911. We affirm the order dismissing the petition for post-conviction relief.

This case presents a complex procedural history. Pierce's judgment of conviction was entered and a notice of appeal was timely filed. Subsequently, Pierce filed, pro se, a petition for post-conviction relief. The petition was dismissed, after a court hearing, on the grounds that the issues raised in the petition were the same issues raised on the direct appeal to this court. A notice of appeal from the dismissal order was filed. Then Pierce filed in the district court a "motion for relief from judgment." The district court entered an order to treat the motion as one for reconsideration and, based on a stipulated stay order entered by our Supreme Court, delayed reconsideration of the petition until after the appeal in *Pierce I* had been decided.

Following the issuance of our opinion in *Pierce I*, the district court reheard the peti-

tion. The petition was again dismissed. The district court noted that one claim for relief alleged in the petition had been withdrawn by Pierce after receiving our decision in *Pierce I*; that all other grounds for relief alleged in the petition had been reviewed fully and decided by our court; and that in any event, the evidence supporting Pierce's allegations was inadequate to establish grounds for granting relief.

Pierce filed his brief in this appeal prior to the issuance of our opinion in *Pierce I* and prior to the district court's reconsideration of his petition. We therefore afforded Pierce's counsel an opportunity to file a supplemental brief subsequent to these events raising any new issues. No new issues have been raised. The issues Pierce has presented in this appeal are the same issues stemming from the earlier dismissal of his petition for post-conviction relief. Those are three: (1) were there genuine issues of material fact which precluded dismissal of the petition; (2) did the district court err in failing to give Pierce an opportunity to reply to the proposed dismissal; and (3) did the district court erroneously conclude that matters raised by the petition were being considered in the direct appeal.

The state argues that the first two issues are moot because the district court did reconsider the petition, held a hearing, and then ultimately ruled the petition should be denied. We agree with the state's position. Any errors relating to the first two issues were corrected by the district court later when it conducted a hearing attended by Pierce and his counsel. The sole issue remaining is whether there are questions raised by the petition which were not raised and considered on direct appeal.

The relevant allegations contained in Pierce's post-conviction petition are that two men involved in the robbery, Dain DeLucia and Charles Spencer, did not testify truthfully about Pierce's lack of involvement. According to Pierce, the alleged perjury was a result of plea bargains and agreements to reduce sentences by the state. The evidence presented with the petition consists of an affidavit by an in-

mate of the jail where Pierce, DeLucia and Spencer were held following their arrest. The inmate in his affidavit stated that, while sharing a cell with DeLucia, DeLucia told him that Pierce was incoherent and incapacitated by intoxication at the time of the robbery. In further support of his allegations, Pierce presented an affidavit by Spencer, in which Spencer relates that he withheld the exculpatory testimony that "at the time of the commission of this armed robbery, Ronnie Pierce was intoxicated and incapacitated and totally incapable of participating in the plan or design or the actual commission of the armed robbery . . . ."

▮ "An applicant for post-conviction relief has the burden of proving, by a preponderance of the evidence, the allegations on which his petition is based." *Holmes v. State*, 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983). Pierce contends his conviction was based on perjured testimony which was compelled by the state. However, the evidence fails to establish that a state official knowingly participated in the use of perjured testimony. The inmate's affidavit merely states that DeLucia told him "he was going to testify for the state of Idaho so that he would not receive a prison sentence . . . ." Spencer, in his affidavit, states that he testified for the state and withheld exculpatory information "upon the promise of leniency" from his public defender and the prosecuting attorney. These broad allegations do not prove by a preponderance of the evidence that state officials requested DeLucia and Spencer to deliver false testimony or that state officials were aware the testimony was false. Without such a showing the allegations are reduced to questions of credibility of the witnesses. *See Walls v. Warden, Maryland Penitentiary*, 242 Md. 401, 219 A.2d 6 (1966).

As to DeLucia's testimony, questions bearing upon the truthfulness and credibility of his testimony were heard on the previous appeal to this court, except for the new affidavit by the inmate. The inmate's affidavit contradicts DeLucia's testimony

at trial. It indirectly corroborates the testimony of Pierce that he was intoxicated in the back seat of a car, and exonerates him of any participation during the time of the actual robbery. The affidavit did not present newly discovered evidence. Another inmate had testified at trial that DeLucia told him Pierce was passed out and intoxicated in the backseat of the car during the robbery. Therefore, no new evidence was presented by Pierce's petition for post-conviction relief. Rather, Pierce merely presented the same attack on DeLucia's credibility by yet another person. As we noted in *Pierce I*, the jury was faced with conflicting testimony, and was entitled to accept DeLucia's testimony. We find that the issues of DeLucia's credibility and truthfulness were raised by Pierce and resolved by this court in *Pierce I. Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970).

The testimony of Spencer at the trial was not discussed in detail in our prior opinion. Contrary to what Spencer's affidavit indicated, he actually testified *for* Pierce at the trial. Spencer's affidavit in support of Pierce's petition in this case asserts that his trial testimony should have been even more favorable to Pierce. The district judge did not give any credence to the statements in Spencer's affidavit, deeming them to be "very suspect" and "completely unreliable." The district judge gave sound reasons for disregarding Spencer's affidavit. These were based on prior in-court testimony of Spencer about the truthfulness of his testimony in the trial of Pierce. No error has been assigned to this treatment of Spencer's affidavit. Therefore, we will not give the affidavit any greater weight than did the district judge. As we stated in *Pierce I*, 107 Idaho at 101, 685 P.2d at 842: "Moreover, even if the jury believed Pierce's testimony that he had passed out in the car—arguably making him 'not ... present' at the crime—the evidence still was sufficient to support an inference that Pierce had 'encouraged' the crime by allowing his wife's car to be used [in the robbery]." Therefore, we find that Pierce has failed to present "evidence of *material* facts, not previously presented

and heard, that requires vacation of the conviction or sentence in the interest of justice." I.C. § 19–4901(a)(4). (Emphasis added.)

The order dismissing the petition for post-conviction relief is affirmed.

WALTERS, C.J., and BURNETT, J., concur.