785 P.2d 671

**Dicky Earl GEE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17151.**

Court of Appeals of Idaho.

Jan. 4, 1990.

Dicky Earl Gee, Boise, pro se.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal under the Post–Conviction Procedure Act. *See* I.C. §§ 19–4901 to –4909. In his application for post-conviction relief, Dicky Gee alleged that he was denied effective assistance of counsel which resulted in an involuntary plea of guilty to the crime of rape. I.C. § 18–6101. Gee also contended that he was unreasonably being denied parole by the Department of Correction, and that his due process rights were violated by the district court clerk and by his attorney, whom he blamed for a delay in the disposition of an earlier pleading he had filed for post-conviction relief. After an evidentiary hearing in this case, the district court denied relief to Gee. For the reasons explained below, we affirm.

The following background is relevant. In November, 1978, Gee was charged with raping a woman in Cassia County. At the same time, Gee also faced charges in Idaho County on several unrelated criminal matters, including several charges of burglary and one count of escape from the North Idaho Correctional Institute. Gee initially pled not guilty to the rape charge, but subsequently changed his plea to guilty the day before his trial.[1] According to Gee, his plea change was the result of ongoing negotiations with the Cassia and Idaho County prosecutors. Gee was sentenced to a twenty-year indeterminate term for the rape, to be served consecutively to a five-year indeterminate sentence for an unrelated burglary conviction. Gee did not directly appeal the judgment.[2]

In 1980, Gee filed a "motion" with the district court, alleging several improprie-

ties associated with entry of his guilty plea. For some reason, the motion was not served upon the Cassia County prosecutor until 1983. In the meantime, Gee filed a "petition" for post-conviction relief, alleging that I.C. § 20–223, which relates to parole eligibility, was an unconstitutional bill of attainder and resulted in the imposition of cruel and unusual punishment. The district court denied that application and the Idaho Supreme Court affirmed the lower court's decision on appeal. *State v. Gee*, 107 Idaho 991, 695 P.2d 376 (1985).

Gee filed the present application for post-conviction relief in the district court in 1986, restating, in part, the allegations contained in his 1980 motion, along with several new contentions. The district court ordered consolidation of Gee's 1986 application with his still-pending 1980 motion, and, after conducting an evidentiary hearing (PCR hearing), denied Gee's application in its entirety. Subsequent to the hearing and while the present appeal was pending, Gee filed a motion with the district court requesting permission to add several other issues to his petition including the claim that his attorney and the district court clerk had violated his due process rights by delaying disposition of the 1980 motion. The district court denied that request. The propriety of that ruling is included as an issue in this appeal.

I

STANDARD OF REVIEW

Our review of Gee's application is governed by the following standards. An application for post-conviction relief is a special proceeding, civil in nature. *State v. Bearshield*, 104 Idaho 676, 662 P.2d 548 (1983). To prevail, the petitioner must prove, by a preponderance of evidence, the allegations on which the application for re-

---

1. A copy of the transcript of Gee's plea-change hearing has not been provided on this appeal. Consequently, our scope of reference to that proceeding is limited to portions of the testimony from Gee's plea-change hearing that were introduced as evidence by being read into the record at Gee's post-conviction review hearing.

2. On the underlying rape charge and in the post-conviction proceedings, Gee has been represented by various attorneys, primarily public defenders in Cassia County. For convenience, we refer to Gee's representation by counsel in the singular. In this appeal, Gee appears pro se.

lief is based. *Pierce v. State*, 109 Idaho 1018, 712 P.2d 719 (Ct.App.1985). On appeal, we will not disturb the judge's findings of fact unless clearly erroneous. I.R. C.P. 52(a); *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct.App.1983). Furthermore, in this case we note that Gee has failed to provide this Court with a transcript of his plea-change hearing, his 1980 motion, or any other records adjunct to his plea or sentencing proceedings. It is an appellant's burden to furnish the record upon which his or her contentions of error can be tested; error will not be presumed on appeal. *State v. Mata*, 106 Idaho 184, 677 P.2d 497 (Ct.App.1984). Therefore, we will focus on whether there is substantial and competent evidence contained in the record before us to sustain the district court's factual determinations. We independently review any conclusions drawn by application of the law to those facts.

## II

## CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND INVOLUNTARINESS OF PLEA

Gee claims that, due to ineffective assistance of counsel, he did not voluntarily plead guilty to the rape charge. Gee also maintains that his attorney's performance following his plea change was ineffective. Specifically, Gee contends that his attorney failed to adequately investigate the basis of the claims against him and that his attorney failed to develop a defense to the rape charge. Gee also asserts that his attorney failed to enforce the terms of his plea agreement. Furthermore, Gee submits that his attorney failed to review his presentence investigation report with him prior to sentencing and that his attorney failed to file a timely appeal of the judgment. To prevail on his ineffective assistance of counsel claims, Gee was required to show that his attorney's performance was deficient, and then to demonstrate that he was prejudiced by the attorney's deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Reeves v. State, supra.* Because Gee has asserted several instances of ineffective assistance of counsel, we will address each allegation in turn.

### A. Failure to Investigate or to Provide Defense

We first address Gee's claims that his attorney failed to properly investigate the state's case and that his attorney failed to develop a defense to the rape charge. Specifically Gee contends that his attorney failed to interview the state's witnesses before recommending that Gee plead guilty to the rape charge. Gee also maintains that his attorney failed to file a timely motion to suppress Gee's confession. Furthermore, he submits that his attorney did not recognize Gee's inability to render a voluntary plea.

### 1

#### Investigation

We initially review Gee's claim that his attorney failed to investigate the state's case against him. Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct. App.1989). In the present case, Gee submits that his attorney was inadequately prepared to defend him because he failed to interview all of the state's potential witnesses—including the victim—and, as a result, that his attorney was ignorant of the weaknesses of the state's case.

In contrast, Gee's attorney testified at the PCR hearing that he did conduct an investigation into the charges against Gee. He did not testify that he interviewed the victim. However he did testify that he reviewed the prosecutor's files on Gee, including the offense report and written statements contained therein, that he interviewed several of the police officers involved in Gee's arrest, and that he met with Gee several times prior to the plea-change hearing to discuss various aspects of the case. The attorney also testified that he hired a psychiatrist to evaluate the

prospects of any mental defenses available to Gee. From this testimony, the district judge found that the attorney had provided a prompt and thorough investigation of Gee's case. We conclude that the judge's finding was supported by the testimony adduced at the PCR hearing. In reaching our conclusion, we are unpersuaded by Gee's further contention that because his attorney was unable at the PCR hearing to specifically elaborate upon his investigation of Gee's case—stating only that he "believed" he conducted his investigation because it was his "procedure" to do so in all criminal cases—his testimony lacked credibility.

As we have noted, the burden of proving ineffective assistance of trial counsel requires a two-part showing: (1) it must be established that counsel's performance was deficient from an objective standpoint, and (2) it must be established that the deficiencies were prejudicial to the case. *Strickland v. Washington, supra; Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988). Defense counsel is bound to conduct a prompt investigation of the case. However, the extent of that investigation may be shaped by a variety of factors, peculiar to the specifics of the case. *State v. Perez,* 99 Idaho 181, 579 P.2d 127 (1978). We have held that the courts will not second guess trial counsel in the particularities of trial preparation. *Davis v. State, supra.* While individual interview of witnesses may be appropriate in some cases, in others a review of police notes may be adequate. To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a defendant must establish that the inadequacies complained of would have made a difference in the outcome. *Davis v. State, supra; Reeves v. State, supra.* No such evidence was offered here. It is not sufficient merely to allege that counsel may have discovered a weakness in the state's case. Here, there is no indication that counsel would have learned any more from an individual interview with any of the witnesses than he was able to glean from the police statements and testimony offered at preliminary hearing. We conclude that there was substantial and competent evidence to support the trial court's determination that Gee was afforded adequate representation, and that Gee failed to sustain his burden of proof that the inadequacies claimed would have made a difference in any event.

## 2

### Suppression Motion

■ We turn next to Gee's contention that his attorney failed to move for suppression of his confession. According to Gee, he was forced by police to confess to the rape charge in the absence of counsel. To prevail with this claim, Gee was required to demonstrate that his attorney in fact failed to file a timely suppression motion, and that he was correspondingly prejudiced. *Davis v. State, supra.* During the PCR hearing, the state introduced testimony from Gee's change of plea hearing in which Gee admitted that he had discussed with his attorney the possibility of suppressing the confession. The testimony also revealed that Gee admitted that his guilty plea was not contingent upon the statements he made to law enforcement officials. Having considered this evidence the district court determined that Gee had not been prejudiced by his attorney's inactivity in pursuing a suppression motion. We concur in the district judge's conclusion.

## 3

### Gee's Plea

■ Next, Gee asserts that his attorney's failure to recognize Gee's mental and emotional state of mind at the time of his plea hearing constituted ineffective assistance of counsel. Specifically, Gee contends that he was suffering withdrawal from alcohol and drugs which affected his ability to enter a voluntary plea. Our review of the record indicates that, at his plea-change hearing, Gee was asked by the district judge whether there was any reason why his plea was not voluntarily made, including whether he was then presently addicted to alcohol and drugs. Gee responded there was no such reason. Based upon this testi-

mony, the judge at Gee's PCR hearing found that Gee's plea was in fact voluntarily made, and that Gee had not suffered any prejudice due to his attorney's failure to consider Gee's alleged addictions. Although Gee asserts that his attorney should have known that his reasoning during the plea change hearing was impaired, we will defer to the finding of the district judge where, as here, it is based upon substantial and competent evidence.

4

Defenses to Rape Charge

■ Gee next submits that his attorney failed to develop any defenses to the rape charge against him. However, Gee's attorney testified at the PCR hearing that he did discuss Gee's constitutional rights and mental defenses with Gee prior to the change of plea hearing. The attorney also testified that he met with Gee on several occasions prior to the plea-change, presumably to discuss the merits of his case. From this testimony, the district judge found that Gee's attorney provided competent assistance to Gee during his plea negotiations. Implicit in the judge's finding was a determination that the attorney adequately explored with Gee the possibility of raising defenses to the charge. Again, we will defer to the judge's findings. Although Gee argues otherwise, the evidence presented at the PCR hearing was sufficient to establish that Gee's attorney discussed defenses with Gee prior to his change of plea.

B. Representations Regarding the Consequences of Gee's Guilty Plea

■ We now turn to Gee's claim that his attorney failed to enforce the terms of his plea agreement with the state. Gee contends that, in exchange for his guilty plea, the Cassia County prosecutor agreed to recommend no more than a ten-year sentence, that he would recommend to the Idaho County prosecutor that the charges pending against Gee in that county be dropped, and that he would recommend to the Idaho County prosecutor that Gee not be charged as a habitual criminal. Gee

submits that his attorney failed to enforce the terms of this agreement at his sentencing hearing. Gee therefore contends that his guilty plea was not voluntarily made.

However, the prosecutor testified at Gee's hearing that at no time was he willing to negotiate a plea bargain with Gee outside of contacting the Idaho County prosecutor to request that he not file habitual criminal charges against Gee. Gee's attorney substantiated the prosecutor's testimony at the PCR hearing, stating that the prosecutor was unwilling to negotiate a plea bargain with Gee. Furthermore, Gee testified at his plea-change hearing that his plea was not based upon any sentencing recommendations by the Cassia County prosecutor, nor upon any promises to have the Idaho County charges against him dropped. From this evidence, the district judge found that Gee had failed to show that any plea bargain existed outside of the prosecutor's recommendation not to pursue the habitual criminal charge. That finding will not be disturbed. Because there was no plea bargain as described by Gee, there could be no denial of effective assistance of counsel failing to enforce such a bargain. Gee also contends that several letters— written between his attorneys in Cassia and Idaho Counties—demonstrate that confusion existed over his plea negotiations. However, the district judge refused to admit the letters at Gee's PCR hearing because Gee had failed to provide the letters to the Cassia County prosecutor pursuant to a prehearing discovery request. Gee contends that the district court erred by not admitting these letters into evidence. We disagree. Rule 26(e)(4) of the Idaho Rules of Civil Procedure empowers a trial court to exclude the testimony of witnesses or evidence offered by a party who fails to timely respond to discovery requests. Imposition of this sanction rests within the discretion of the trial court. *Viehweg v. Thompson*, 103 Idaho 265, 647 P.2d 311 (Ct.App.1982) (review denied). In this case the judge stated that he was excluding the letters because of the prejudice resulting from the prosecutor's lack of knowledge of the letters prior to the PCR hearing. We

see no abuse of discretion in the court's decision to deny admission of these letters as evidence.[3]

### C. Presentence Investigation

■ Gee next submits that he was denied effective assistance of counsel by his attorney's failure to review his presentence investigation (PSI) report with him prior to the sentencing hearing. The district court found otherwise. Gee's attorney testified at the PCR hearing that he did not have time to review the PSI report with Gee prior to the sentencing hearing. Consequently, the attorney asked the judge at Gee's sentencing hearing to grant him a recess to do so. The judge acceded to the attorney's request, and Gee and his attorney then reviewed the report for any inconsistencies or incorrect statements. Although Gee contends that his attorney never discussed the PSI report with him during the recess in question, we conclude that there was sufficient evidence for the district judge to find that Gee's attorney did in fact review the contents of the PSI report with Gee.

### D. Failure to Appeal

■ Finally, Gee contends that his attorney failed to appeal the rape conviction. Gee testified at the PCR hearing that he asked his attorney to file an appeal. However, Gee's attorney testified that neither Gee nor any member of his family asked him to file an appeal. The district judge did not specifically resolve this credibility question. However, he made a general determination that Gee had failed to show any prejudice as a result of his attorney's activity or inactivity. We take this to mean that Gee failed to show how the lack of a direct appeal from the judgment of conviction precluded him from eventually obtaining review on any issue he desired to raise.

It appears that Gee has received full review on the merits of every ground upon which he has challenged the judgment of

conviction—both in the first petition for post-conviction relief and in the second petition, which is the subject of the instant appeal. Gee has identified no other issue that he would have raised, and could only have raised, in a direct appeal. Accordingly, we agree with the district judge's determination that Gee has failed to show prejudice. As noted earlier in this opinion, where effective assistance of counsel is at issue, a petitioner for post-conviction relief must show not only deficient performance by the attorney but also the resultant prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Similarly, in an appeal, an appellant must not only show the existence of error below but also the resultant prejudice. *Viehweg v. Thompson, supra.* Therefore, the court's refusal to grant Gee any relief on this point will be sustained.

### E. Summary of Ineffective Assistance of Counsel Claims

In summary, we uphold the district court's determination that Gee failed to carry his burden of proof to show that he was denied effective assistance of counsel in relation to events surrounding his guilty plea and sentencing hearing. The district court's denial of relief on grounds of ineffective assistance of counsel is therefore sustained.

### III

### DENIAL OF PAROLE

■ Next we discuss Gee's claim that he is unreasonably being denied parole. Gee contends that the sentencing judge did not inform him that, before being released on parole, he would be subjected to evaluation by a psychiatrist or psychologist appointed by the parole commission to determine whether he was a sexually dangerous person. I.C. § 20–223(b). Gee submits that, had he known of this condition, he would have not pled guilty to the rape charge.[4]

---

3. We have reviewed the letters in question. They purport to clarify the extent of the plea negotiations and are not inconsistent with the testimony actually presented at Gee's PCR hear-

ing from which the district court found there was no plea bargain to be enforced.

4. The district court below concluded that, at the time of Gee's change of plea, the court was

In any event, Gee also submits that, because he has served more than one-third of his sentence and because there has been no determination by the parole commission that he *is* a sexually dangerous person, he should be granted parole.

We disagree. In *Brooks v. State*, 108 Idaho 855, 702 P.2d 893 (Ct.App.1985) (review denied), we held that "parole eligibility" was not among the consequences which the trial court must discuss with a defendant before accepting a constitutionally valid guilty plea. *See* I.C.R. 11(c). Furthermore, we note that I.C. § 20–223 only requires the parole commission to *consider* the psychiatrist's recommendations in making a parole determination. *State v. Gee*, 107 Idaho 991, 993, 695 P.2d 376, 378 (1985).

We likewise disagree with Gee's contention that because he has served one-third of his sentence he should be automatically placed on parole.[5] Idaho Code § 20–223(c) states that "parole shall be ordered only for the best interests of society when the commission reasonably believes that the prisoner no longer poses a threat to the safety of society, not as a reward of clemency and it shall not be considered to be a reduction of sentence or a pardon." The decision to grant parole is entirely within the parole commission's discretion; serving one-third of his sentence is a threshold for parole, it is not to be taken as an open door. *Vittone v. State*, 114 Idaho 618, 759 P.2d 909 (Ct.App.1988). We will not probe into the parole commission's discretionary evaluation on Gee's suitability for parole.

## IV

## DELAY OF ORIGINAL POST–CONVICTION RELIEF MOTION

■ Finally, we address Gee's claim regarding delay in the disposition of his 1980 motion challenging the validity of his guilty plea. Gee contends that, due to the inattentiveness of the attorney representing him at the time he filed his motion, he waited more than three years for a hearing on the motion. As a result, Gee maintains that his due process rights were violated.

The record indicates that after the district court denied his petition, Gee filed a motion with the district court to add this issue—and several others—to his PCR application, for review on appeal. The district court denied Gee's motion, finding that Gee had waived this issue by failing to initially raise it in his present application for post-conviction relief and because Gee had not offered sufficient reasons for adding the issue into his case. Gee argues in his brief that the district judge should have permitted him to add this issue to his petition so it could be reviewed on appeal.

In *Wolfe v. State*, 113 Idaho 337, 743 P.2d 990 (Ct.App.1987) (review denied), we addressed the issue of whether a claim of ineffective assistance of counsel, based upon a petitioner's contention that his attorney failed to adequately represent him in an initial application for post-conviction relief, may be raised as an issue in a subsequent or successive application for such relief. Addressing the statutory scheme of the Post–Conviction Procedure Act, we said:

I.C. § 19–4904 provides that "a court-appointed attorney shall be made available to the applicant" if he is unable to pay the "expenses of representation...." However, the ineffectiveness of such counsel is not among the permissible grounds for filing another post-conviction relief application under I.C. § 19–4901. The statutory scheme is designed to deal with collateral attacks upon allegedly improper convictions and sentences, not collateral attacks upon other post-conviction proceedings.

---

neither constitutionally required nor mandated by Idaho law to inform Gee of the parole implications of I.C. § 20–223 before accepting his plea of guilty. The court also found that Gee had been informed of the effect of § 20–223 by a letter from his attorney although Gee denied receiving the letter.

**5.** The record is unclear whether Gee has in fact served one-third of his sentence on the rape conviction, since that sentence was to commence consecutively to a five-year term for an unrelated burglary.

113 Idaho at 339, 743 P.2d at 992. We further note that the ultimate focus of post-conviction review must be upon the applicant's asserted right to relief from the conviction, not upon the post-conviction procedure itself.

We believe *Wolfe* to be controlling here. Gee's claim of ineffective assistance of his counsel in advancing his 1980 motion has nothing to do with his underlying conviction or sentence. The claims made in his 1980 motion were heard on their merits by the district court in conjunction with Gee's present application for post-conviction relief. This case is distinguishable from *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955 (1981), cited by Gee. In that case, Palmer argued that he had failed to raise particular issues in a prior post-conviction relief proceeding due to the ineffective assistance of his prior post-conviction counsel. The Court held that Palmer was not barred from raising these issues in a subsequent post-conviction proceeding. *Id.* at 596, 635 P.2d at 960. Unlike *Palmer,* Gee has failed to indicate how he was prevented from raising any issue as a result of his attorney's alleged ineffectiveness in failing to diligently prosecute his 1980 motion. We therefore conclude that the district court did not err in denying Gee's motion to interject the issue of his attorney's lack of diligence with respect to the 1980 motion.[6]

## V

## SUMMARY

We have considered other arguments raised by Gee on appeal and find them without merit. In summary, we uphold the district court's order denying Gee's post-conviction relief application on the grounds that Gee failed to establish his attorney rendered ineffective assistance of counsel in connection with his guilty plea and sentencing proceedings, as well as that portion of his application dealing with his claim that he is being denied parole. We also sustain the district court's related order denying Gee's motion to consider the issue of whether his attorney rendered ineffective assistance of counsel in connection with filing and advancing Gee's 1980 post-conviction relief motion.

The orders appealed from are affirmed.

BURNETT, J. and McKEE, J. Pro Tem., *concur.*

[redacted]

6. In his brief Gee also contends that the delay was due, in part, to indifference by the Cassia County court clerk in processing his motion. However, Gee has failed to supply this Court with any evidence of this allegation. Because of his failure to do so, and because any issue relating to the clerk is collateral to the underlying conviction or sentence, we deem that there is no reason for us to consider the issue further.