**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41992**

| | | |
|---|---|---|
| **WYLIE GAIL HUNTER,** | ) | **2015 Unpublished Opinion No. 527** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: June 19, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Carl B. Kerrick, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Wylie Gail Hunter, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Wylie Gail Hunter appeals from the summary dismissal of his petition for post-conviction relief. He contends the district court erred in failing to allow certain discovery and in concluding that there was no genuine issue of material fact regarding his claims of ineffective assistance of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In the underlying criminal case, Hunter was investigated for drug trafficking. As a result of that investigation, officers planned to intercept Hunter as he crossed into Idaho from Canada and stopped him after observing several traffic violations. Two officers involved in the traffic stop later testified that they could smell fresh marijuana when they approached the vehicle. A

1

drug dog was brought to the scene and alerted on the trunk area of the vehicle. A search of the trunk revealed seventy-five pounds of packaged marijuana contained in two large duffle bags.

Hunter was charged with trafficking marijuana in an amount over twenty-five pounds, I.C. § 37-2732B(a)(1)(C). He filed a motion to suppress, challenging the reasonable suspicion for the stop and the probable cause to perform the warrantless vehicle search. The district court denied Hunter's motion after a hearing, concluding that both the evidence obtained from the ongoing investigation and the observed traffic violations provided reasonable suspicion to perform the traffic stop.[1] The district court also determined that the odor of marijuana and the drug dog's alert provided probable cause to search the vehicle. Hunter then pled guilty.

Hunter later obtained new counsel and filed a motion to withdraw his guilty plea based on alleged deficiencies in his prior counsel's performance regarding the initial motion to suppress. The district court granted Hunter's motion and allowed him to renew his motion to suppress. In that renewed motion, Hunter repeated his challenge to the stop and search of his vehicle and also challenged a search of his hotel room that occurred prior to the stop. After a hearing, the district court denied the motion and maintained its prior ruling. Hunter conditionally pled guilty, reserving his right to challenge the denial of his motion to suppress. The district court sentenced Hunter to a unified term of fifteen years, with a minimum period of confinement of ten years. Hunter appealed, and we affirmed in an unpublished opinion. *See State v. Hunter*, Docket No. 36728 (Ct. App. June 16, 2011).

Hunter subsequently filed a petition for post-conviction relief, alleging ineffective assistance of his prior attorneys, especially with regard to his motion to suppress. The alleged deficiencies included failing to investigate and call certain defense witnesses, failing to investigate and impeach the state's witnesses, and failing to seek discovery of exculpatory evidence. Hunter also sought appointment of counsel and specific discovery of allegedly exculpatory evidence. The state filed an answer and motion for summary dismissal, arguing that Hunter had failed to raise a genuine issue of material fact and that all of his claims were conclusory in nature and unsupported by admissible evidence. Hunter objected, contending that

---

[1] The district court granted the motion in part as to statements Hunter made prior to being read pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). That ruling was not appealed by the state.

2

there were genuine issues of material fact and that summary dismissal would be premature prior to resolution of his pro se motions to appoint counsel and grant discovery.

The district court appointed counsel. Thereafter, Hunter sought leave to depose his prior attorneys and other individuals involved in his criminal case, which the district court allowed. After the depositions were taken, the district court granted the state's motion for summary dismissal, concluding that Hunter had failed to raise a genuine issue of material fact as to any of his claims. Despite being represented, Hunter filed pro se a motion to reconsider and a renewed motion to allow him to pursue the allegedly exculpatory evidence sought in his initial pro se motion for discovery, both of which the district court denied. Hunter appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of

3

material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

4

929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Hunter raises two cognizable claims on appeal. First, he contends that the district court erred in denying his pro se motion for discovery of allegedly exculpatory evidence. Second, he asserts that the district court erred in summarily dismissing his petition for post-conviction relief because he raised a genuine issue of material fact as to whether his prior attorneys provided ineffective assistance of counsel.

### A.    Denial of Discovery Request

As a preliminary matter, the state contends that Hunter's issue regarding the denial of his pro se motion for specific discovery was not preserved for appeal because he abandoned that motion when the district court granted the discovery motion submitted by Hunter's court-appointed counsel. We disagree. Hunter preserved the issue for appeal by renewing his original discovery request in a motion filed contemporaneously with his motion to reconsider. That motion was subject to an adverse ruling in that it was denied by the district court along with Hunter's motion to reconsider. Accordingly, we will address Hunter's claim on the merits.

Hunter contends that the district court erred by failing to allow him to pursue discovery beyond the permitted depositions. Specifically, Hunter argues that the district court abused its discretion by not allowing him to engage in discovery of the items outlined in his initial motion for discovery, to wit:  transcripts of any audio or video from the traffic stop; transcripts of dispatcher radio conversations between the two officers involved in the traffic stop; evidence retrieved from the prior search of Hunter's motel room; verified copies of police reports; the state certification of the drug dog used in the case; the entire case files held by Hunter's various attorneys pertaining to the underlying criminal case; the criminal record and informant history of a witness for the state at the initial suppression hearing; and any records of a GPS unit being attached to Hunter's vehicle.

When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to

conduct discovery. I.C.R. 57(b); *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927; *Fairchild v. State*, 128 Idaho 311, 319, 912 P.2d 679, 687 (Ct. App. 1996). Discovery in a post-conviction action is not required unless necessary to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in "fishing expeditions," as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

The discovery Hunter requested in his motion was either speculative in nature or unnecessary to protect his substantial rights. Specifically, Hunter sought any audio or visual recordings of his traffic stop, dispatcher recordings of conversations between the officers that stopped him, and transcripts thereof. However, as noted by the district court, Hunter's counsel for the renewed suppression motion testified at his deposition (and the record tends to support) that he had sought such recordings from the state and concluded that none were available. Moreover, although Hunter alleged that these recordings would corroborate his version of events during the stop and somehow impeach the officers' credibility, these claims are conclusory and wholly unsupported. Thus, the very existence of this specific discovery and its relevance to Hunter's suppression or ineffective assistance of counsel claims was speculative.

Hunter also sought verified copies of police reports for the same reasons as those forwarded for the audio or visual recordings and transcripts. However, copies of the police reports relating to the incident were included in the record of Hunter's underlying criminal case. Moreover, although Hunter claims that these reports would undermine the officers' accounts of events and support his version of the stop, the reports contradict Hunter's claims, not support them. Thus, their discovery was not necessary to protect Hunter's substantial rights.

Hunter further requested discovery of a drug ledger obtained from the search of his hotel room and information pertaining to the criminal record and alleged informant history of a state's witness. However, as noted by the district court, reasonable suspicion to stop was based on the

6

traffic violations Hunter committed and probable cause to search was based on the two officers' detection of the odor of fresh marijuana and reinforced by a subsequent drug dog alert on the trunk area of Hunter's vehicle. Thus, evidence from Hunter's hotel room or the alleged informant history of a state's witness was speculative and could not have impacted the district court's decision as to Hunter's motion to suppress. As a result, discovery of this evidence was not necessary to protect Hunter's substantial rights.

Similarly, Hunter's request for discovery of evidence that police had placed a GPS tracking device on Hunter's rental vehicle is unsupported by the record. Moreover, as noted by the district court, each of Hunter's prior attorneys stated in their depositions either that they were unaware of any GPS use or that GPS use was not an issue in this case. Even if there were evidence of use of a GPS tracking device in this case, it would not have affected the outcome of this case because it was not relied upon as a basis for performing either the stop or search of Hunter's vehicle. Accordingly, the existence of this evidence is speculative and its discovery was not necessary to protect Hunter's substantial rights.

Hunter also sought discovery of the certification records of the drug dog used in this case. However, Hunter failed to provide any evidence showing that the drug dog was not certified or that his claims in this regard were anything but speculative. Moreover, even if the drug dog were not certified, the district court determined that the two officers' detection of the odor of fresh marijuana coming from the vehicle provided probable cause to search prior to the drug dog's alert. Thus, this discovery was unnecessary to protect Hunter's substantial rights.

Finally, Hunter sought the case files pertaining to his underlying criminal case from each of his prior attorneys. There is some indication in the record that Hunter requested these case files without success, but Hunter has failed to allege how this evidence supported, or even related, to either his motion to suppress or his claims of ineffective assistance of counsel. As a result, absent any showing that the evidence was relevant to any of Hunter's claims, discovery of the case files was not necessary to protect his substantial rights.

In summary, Hunter has failed to show that any of his discovery requests were either not speculative or were necessary to protect his substantial rights. On the contrary, even after the district court permitted Hunter to take the depositions from his prior attorneys and several other individuals, nothing in the record indicates that the remaining requested discovery constituted

more than a "fishing expedition." Accordingly, the district court did not err in denying Hunter's pro se motion for discovery.

**B.      Ineffective Assistance of Counsel**

Although Hunter claimed in his petition for post-conviction relief that all of his prior attorneys had provided him with ineffective assistance of counsel, Hunter only claims ineffective assistance by his counsel that assisted him with the renewed motion to suppress. Thus, we address only whether the district court erred in summarily dismissing that claim. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Hunter cites to the deposition of his prior counsel to support his claim that the district court erred in summarily dismissing his claim of ineffective assistance of counsel. However, Hunter failed to include a transcript of that deposition in the record on appeal. When faced with an incomplete record on appeal, the missing items must be presumed to support the action of the district court. *Hoffman v. State*, 125 Idaho 188, 191, 868 P.2d 516, 519 (Ct. App. 1994). Accordingly, we presume that the missing deposition transcript supports the district court's order summarily dismissing Hunter's petition.

Even if the deposition transcript had been included, there is no indication that it would have helped Hunter to raise a genuine issue of material fact regarding ineffective assistance of counsel. Hunter's claims of such can be generally grouped into claims of inadequate investigation prior to the motion to suppress and failure to present defense witnesses at the suppression hearing.

As to Hunter's claim of inadequate investigation, determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Gee v. State*, 117 Idaho 107, 110, 785 P.2d 671, 674 (Ct. App. 1990). Hunter contends that his prior counsel failed to pursue certain discovery in this case, some of which he claims was withheld by the state, and most of which he requested in his motion for discovery. Thus, the reasons articulated above regarding Hunter's request for discovery serve equally well to establish that Hunter's counsel did not provide objectively deficient assistance and, even if he did, Hunter was not prejudiced thereby. Indeed, Hunter did not allege that he would not have pled guilty and would have instead insisted on proceeding to trial had his attorney obtained the requested discovery, all of which he was seemingly aware of when he entered his second guilty plea. Thus, Hunter has failed to raise a genuine issue of material fact as to whether his prior counsel provided ineffective assistance by not pursuing the evidence identified in Hunter's discovery motion.

Hunter additionally alleged that his prior counsel was ineffective for failing to seek discovery of the employment records of the state's expert that testified regarding the ventilation system of the vehicle Hunter was driving at the time of the stop. According to Hunter, the expert's employment records would show that the expert was "misleading and disengenuous [sic] as to his expertise and the degree of his proficiency as a mechanic." This claim is conclusory and unsupported by any evidence; thus, summary dismissal of this claim was proper. *See Wolf*, 152 Idaho at 67, 266 P.3d at 1172.

Hunter also claims that his counsel was ineffective because he failed to investigate the area where the stop occurred. The duty to investigate requires only that counsel conduct a reasonable investigation. *Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). In assessing the reasonableness of counsel's investigation, we consider not only the quantum of

9

evidence known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further. *Wiggins v. Smith*, 539 U.S. 510, 527 (2003); *Strickland*, 466 U.S. at 691; *Murphy*, 143 Idaho at 146, 139 P.3d at 748. According to the district court, Hunter's counsel testified at his deposition that he was already personally familiar with the area of the stop, making further personal investigation of the area or its traffic patterns unnecessary under the circumstances. Indeed, there is no indication that Hunter provided his counsel with information that should have caused him to investigate beyond his personal experience. As a result, Hunter has failed to raise a genuine issue of material fact as to whether his prior counsel's decision not to investigate this issue further constituted deficient performance.

Hunter further contends that his prior counsel failed to interview various witnesses, including Hunter's co-defendant, prior to the renewed motion to suppress hearing. To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a defendant must establish that the inadequacies complained of would have made a difference in the outcome. *Gee*, 117 Idaho at 111, 785 P.2d at 675. It is not sufficient merely to allege that counsel may have discovered a weakness in the state's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

Hunter has failed to show that his prior counsel was ineffective for failing to interview his co-defendant at the renewed motion to suppress hearing. According to the district court, three of Hunter's four prior attorneys testified at their depositions that there was no tactical purpose to investigating or presenting the co-defendant's testimony at the suppression hearing and that doing so would have raised constitutional and ethical issues. Moreover, it is highly unlikely that the district court would have found the self-serving testimony of Hunter's co-defendant credible and sufficient to undermine the testimony of the two officers, making any interview superfluous. Hunter has failed to counter these tactical justifications for not interviewing his co-defendant and has otherwise failed to show that his prior counsel's decision not to do so affected the outcome of the hearing.

The same is true with regard to the other proposed witnesses, as well. Hunter claims that his federal probation officer would have contradicted the testimony of one of the stopping officers. He further claims that a private investigator and a rental car manager would have offered favorable testimony on his behalf. However, he provides no affidavits to support these

conclusory claims, nor does he allege how this testimony would have changed the outcome of his suppression hearing. Indeed, by Hunter's own account, most of the proposed beneficial testimony would have been either hearsay or irrelevant to the issues of reasonable suspicion to stop and probable cause to search at the suppression hearing. Thus, much of the witnesses' purported testimony would have been inadmissible, so it could not have affected the outcome of the suppression hearing.

Finally, Hunter claims that his prior counsel was ineffective for failing to call some of those same witnesses to testify at the suppression hearing. Counsel's choice of witnesses, manner of cross-examination, and lack of objection to testimony fall within the area of tactical, or strategic, decisions. *Giles v. State*, 125 Idaho 921, 924, 877 P.2d 365, 368 (1994); *see also Bagshaw v. State*, 142 Idaho 34, 38, 121 P.3d 965, 969 (Ct. App. 2005) (noting that it is generally agreed that the decision of what evidence should be introduced at trial is considered strategic or tactical). As previously noted, tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263; *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App. 1989). The decision of Hunter's prior counsel not to call these witnesses at the suppression hearing was tactical or strategic in nature. Hunter has failed to allege that this decision was the product of inadequate preparation, ignorance of the law, or other objective shortcomings. Accordingly, we will not second-guess this decision on appeal.

The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). That is all that Hunter provided in his petition for post-conviction relief. His claims were either unsupported by admissible evidence or otherwise failed to raise a genuine issue of material fact as to whether he was provided ineffective assistance of counsel. As a result, the district court did not err in summarily dismissing Hunter's petition for post-conviction relief.

## IV.

## CONCLUSION

Hunter has failed to show that the district court abused its discretion by denying his motion for discovery or erred in granting the state's motion for summary dismissal. Accordingly, the district court's order summarily dismissing Hunter's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.