743 P.2d 990

**William Franklin WOLFE, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**Nos. 15929, 16468.**

Court of Appeals of Idaho.

Sept. 9, 1987.

Petition for Review Denied Dec. 15, 1987.

338

William Franklin Wolfe, petitioner-appellant, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

William Wolfe appeals from the dismissal of two successive applications he filed for post-conviction relief following his conviction for murder. The dismissals were entered by the district court without holding any evidentiary hearings specifically addressing the issues raised in the applications. Because we conclude Wolfe raised issues in his applications that require an evidentiary hearing, we vacate the orders dismissing Wolfe's applications, in part, and we remand the case for further proceedings.

The case comes to us with the following background. A jury found William Wolfe guilty of first-degree murder in the shooting death of a friend during an argument outside a bar in Stites, Idaho. Wolfe's defense was that the shot was fired without premeditation because he was too intoxicated to form the requisite intent to commit first-degree murder. The state presented one eyewitness to the shooting and other witnesses who described Wolfe's conduct immediately preceding the homicide. Following the verdict, Wolfe was sentenced to a fixed life term. On direct appeal, he challenged the sufficiency of the evidence of premeditation and of intent

with malice aforethought, and also contended his sentence was excessive. We affirmed the conviction and the sentence. See State v. Wolfe, 107 Idaho 676, 691 P.2d 1291 (Ct.App.1984). While that appeal was pending, Wolfe filed a pro se application for post-conviction relief pursuant to Idaho's Uniform Post-Conviction Procedure Act. See I.C. §§ 19–4901 to –4909. Among other arguments, he contended that his trial counsel had been ineffective, that the state had utilized perjured testimony at the trial, and that jurors had overheard a conversation between witnesses outside the courtroom. Wolfe's appellate counsel was appointed to represent him at the post-conviction hearing. At the hearing, counsel also moved for reduction of the sentence pursuant to I.C.R. 35. Only Wolfe testified at this hearing; the primary focus in that hearing was on the reasons why Wolfe's sentence should be reduced, rather than on the allegations of his post-conviction relief petition. The trial court waited until our opinion in State v. Wolfe, supra, was issued, and then denied the application and the motion. Wolfe timely filed a notice of appeal.

Soon thereafter, Wolfe filed a second pro se application for post-conviction relief. In the second petition, Wolfe renewed the allegations of his initial application, alleged that publicity during the trial had influenced the jury's decision and contended that he did not receive effective assistance from counsel with regard to his initial application for post-conviction relief. The state moved to dismiss. In response, Wolfe filed a pro se brief accompanied by "appendices" containing information to substantiate his allegations. The trial court declined to provide the evidentiary hearing requested by Wolfe, and dismissed the application. Wolfe again appealed. Both appeals have been consolidated for disposition.

An application for post-conviction relief is a special proceeding that is civil in nature. Paradis v. State, 110 Idaho 534, 716 P.2d 1306 (1986); Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969). It is an action entirely new and independent from the

criminal proceeding which led to the conviction. *State v. Paradis, supra;* I.C. § 19–4901(b). Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct. I.C. § 19–4902. The application shall identify all previous proceedings, together with the grounds therein asserted, pursued by the applicant to secure relief from his conviction or sentence. I.C. § 19–4903. The power of a trial court to dismiss an application for post-conviction relief, without holding an evidentiary hearing, is granted by I.C. § 19–4906. The court cannot dismiss an application without a hearing if a material issue of fact exists. *Daugherty v. State,* 102 Idaho 782, 640 P.2d 1183 (Ct. App.1982). Until the allegations in a post-conviction petition are in some manner controverted by the State, they must be deemed to be true. *Tramel v. State,* 92 Idaho 643, 448 P.2d at 649. A motion to dismiss, unsupported by affidavits or other materials, does not controvert the allegations in the application. *Clark v. State, supra.* However, it is not error to dismiss the application without an evidentiary hearing if the allegations, though uncontroverted, would not entitle the petitioner to relief even if true. *Id.; Baruth v. Gardner,* 110 Idaho 156, 715 P.2d 369 (Ct.App.1986); I.C. § 19–4906.

▮ Here we have two post-conviction applications, the second largely overlapping the first and also raising an issue of ineffective assistance of counsel in proceedings on the first application. Consequently, we address first a threshold question: whether a claim of ineffective assistance of counsel, in representing a petitioner in an initial application for post-conviction relief, may be raised as an issue in a subsequent or successive application for such relief. In respect to successive applications for post-conviction relief, I.C. § 19–4908 provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

I.C. § 19–4904 provides that "a court-appointed attorney shall be made available to the applicant" if he is unable to pay the "expenses of representation...." However, the ineffectiveness of such counsel is not among the permissible grounds for filing another post-conviction relief application under I.C. § 19–4901. The statutory scheme is designed to deal with collateral attacks upon allegedly improper convictions and sentences, not collateral attacks upon other post-conviction proceedings.

This does not mean that all is lost for the applicant who fails, as a result of alleged ineffective representation, to present fully his grounds for post-conviction relief. Rather, as noted, he may file another application setting forth such grounds more fully and he will be entitled to relief if "the court finds a ground ... which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application." I.C. § 49–4908. To be sure, this language permits an inquiry into why the applicant's attorney on the first application did not fully present his client's grounds for relief. However, the ultimate focus of the proceeding would remain, as it should, on whether the second application has raised not merely a question of counsel's performance but substantive grounds for relief from the conviction and sentence.

▮ Maintaining this same ultimate focus, the question is whether Wolfe's second application sets forth any "ground for relief ... which for sufficient reason was not asserted or was inadequately raised in the original ... application." I.C. § 19–4908. Reading the second application as incorporating the first (together with the appendicies supporting the second application), we

find that six substantive issues are raised. The first issue relates to a witness (Fletcher), who allegedly misrepresented his qualifications as an alcohol abuse "counselor." We believe there is enough here to warrant an evidentiary hearing on that issue. Second, there is an allegation of ineffective assistance of counsel *at trial*, consisting of failure to call as a witness a taxi driver (Green) who could have supported Wolfe's asserted defense of such grave intoxication as to incapacitate him from having the requisite premeditation essential for him to have been found guilty of first-degree murder.[1] This issue, too, merits an evidentiary hearing. Third, there is a question whether trial counsel should have called a bar patron (Pence) to testify that a purported eyewitness (Thomas) was in the bar when the shooting occurred outside and, therefore, could not have seen it happen as Thomas testified. Because Thomas' testimony regarding Wolfe's behavior and demeanor moments before the shooting may have had a bearing on the jury's determination of specific intent, this issue should go to an evidentiary hearing.

▮▮ Fourth, Wolfe contended that some of the state's witnesses—at the urging of a law enforcement officer—"collaborated" and agreed prior to trial to give consistent testimony among themselves that would be necessary to convict Wolfe of first-degree murder. This assertion is not within Wolfe's personal knowledge. It is based solely upon a letter written by Wolfe's former girl friend or common-law wife, which letter does not appear to say everything that Wolfe attributes to it. No factual issue was presented justifying an evidentiary hearing on this allegation. *See Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). Fifth, there is the assertion that the jury was tainted by overhearing two witnesses discuss their testimony in a hallway outside the courtroom. As the state points out in its brief, the witnesses in question were *defense* wit-

nesses. There is no allegation by Wolfe as to how this incident prejudiced the trial from his standpoint. Consequently, this issue does not merit an evidentiary hearing. Sixth, and finally, Wolfe alleged that during his trial a local newspaper reported the judge's denial of Wolfe's motion to reduce the charge from murder to manslaughter. He asserted that, because the jury was not sequestered, the news report may have influenced the jury through disclosure of the judge's opinion that the trial evidence supported a charge of murder rather than manslaughter. Wolfe's contention was unsupported by any affidavits or statements showing that any member of the jury was aware of or affected by the report.

At best, proof of the publication of the news article, without more, merely supports Wolfe's claim that his trial counsel failed to render diligent assistance by not pursuing the possibility that the jury was influenced through information external to the trial. However, even if trial counsel did fail to investigate the matter, and if such failure was unprofessional, Wolfe has tendered no factual showing that an investigation would have altered the result of the trial. A defendant claiming ineffective assistance of counsel

> must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Here, Wolfe has failed to make the requisite showing of sufficient prejudice to support the claim of ineffectiveness of his trial counsel in respect to the news article. He has not tendered sufficient evidence to require an evidentiary hearing on his allegation that the jury was tainted by publication of this newspaper article.

1. I.C. § 18–116 provides:

   No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act.

In sum, Wolfe's second application—together with its incorporation of the first application—raises genuine issues of fact concerning the use of allegedly perjured testimony from the witness Fletcher and on the allegation of ineffectual assistance of trial counsel through failure to call Green and Pence as witnesses. The state should respond to those issues other than by a motion to dismiss. Depending upon the state's response it may be necessary to resolve those issues through an evidentiary hearing. We reiterate that the contention of ineffective assistance of counsel in presenting Wolfe's first application for post-conviction relief is *not* a separate basis for granting Wolfe relief from his conviction. The orders dismissing Wolfe's applications are vacated in part and the case remanded for further proceedings consistent with this opinion.

BURNETT, J. and McFADDEN, J., Pro Tem., concur.