IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37495

| | | |
|---|---|---|
| BEN CHARLES HARVEY, | ) | 2011 Unpublished Opinion No. 725 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 30, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Order summarily dismissing amended successive petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett LLP; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Ben Charles Harvey appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

After Harvey was found guilty of two counts of lewd conduct with a minor and one count of sexual abuse of a minor, this Court affirmed his judgment of conviction and sentence in *State v. Harvey*, Docket No. 25808 (Ct. App. Apr. 16, 2001) (unpublished). The Idaho Supreme Court declined review and a remittitur was issued on June 22, 2001.

Nearly four years later, on May 9, 2005, Harvey filed a petition for post-conviction relief, alleging he received ineffective assistance of trial counsel due to counsel's failure to reveal material facts pertaining to his crimes. Harvey also alleged prosecutorial misconduct through the withholding of favorable information and that his sentence was unconstitutional. Harvey

1

indicated he was aware the statute of limitations for post-conviction relief had passed and would need to be overlooked in order for his petition to proceed. He attached two affidavits to his petition detailing the events leading up to his conviction, one of which appeared to be directed towards tolling the statute of limitations based on his mental illness.

The State filed a motion for summary dismissal based on the lack of evidentiary support for Harvey's claims and the expiration of the statute of limitations. The district court summarily dismissed the petition as being untimely, rejecting Harvey's claim that he was incapacitated by mental illness and refusing to toll the one-year statute of limitations. This Court affirmed the summary dismissal of Harvey's post-conviction petition, concluding Harvey failed to present an issue of material fact as to whether mental illness rendered him incapable of filing a timely post-conviction petition such that the statute of limitations could be tolled. *State v. Harvey*, Docket No. 32802 (Ct. App. Nov. 29, 2007) (unpublished).

While his appeal from the dismissal of his initial May 2005 post-conviction petition was pending, Harvey filed a pro se "Notice of Claim" and "Prison Civil Rights Complaint," claiming: (1) his rights under the Eighth Amendment to the United States Constitution were violated; (2) his Idaho Criminal Rule 35 motion in the underlying case was improperly denied; (3) his petition for post-conviction relief was improperly dismissed; and (4) evidence was mishandled and overlooked by his counsel, the prosecutor, and the court. He asserted the dismissal of the initial post-conviction action, among other things, caused him serious emotional injuries. In addition to claiming damages, Harvey requested the initial post-conviction case be reinstated and that he be given a new trial and sentence. He attached a copy of a psychological evaluation report completed by a physician to determine Harvey's competency at the time of his trial. Harvey filed the same report in conjunction with his initial post-conviction petition.

The district court entered an order allowing Harvey's "civil rights complaint" to proceed, requiring he pay $2.00 as an initial partial filing fee and appointing counsel. Nine months later, the district court dismissed Harvey's civil rights complaint because he failed to pay the $2.00 fee. Harvey's counsel requested that the district court reconsider its dismissal and treat part of the civil rights complaint as a successive post-conviction petition. On June 6, 2007, finding merit in this characterization in regard to Harvey's contention that post-conviction counsel had been ineffective, the district court granted the motion to reconsider and reinstated the complaint. The district court then bifurcated the successive post-conviction claim and dismissed the civil

rights claims without prejudice. The court ordered counsel to file an amended successive post-conviction petition setting forth only the post-conviction relief claim within three weeks. No amended successive post-conviction petition was filed.

On October 23, 2007, the district court issued notice of its intent to dismiss, finding the ineffective assistance of post-conviction counsel claim alleged in Harvey's civil rights complaint turned successive post-conviction petition (hereinafter "successive petition") was untimely, was an invalid successive petition under the post-conviction statute, and did not comply with the pertinent evidentiary requirements. Harvey was given twenty days to respond.

On November 7, the court conducted a status conference, during which Harvey's counsel indicated he had received an affidavit from Harvey and that he planned to file an amended successive petition based on allegations in this affidavit. Two days later, counsel filed a motion to extend the time for filing an amended successive petition, as well as Harvey's affidavit. In the affidavit Harvey opposed dismissal of his successive petition, asserting:

> 1. My attorney was [ineffective] cause he didn't have me properly diagnosed through mental health to reveal my mental illness . . . and reveal it to the court
> 2. I have been diagnosed as scizo effective disorder and mild retardation
> 3. My mental illness is what caused me to do my offenses and delayed my action to file post conviction as untimely
> 4. Bonneville County Public Defender's office [k]new of my mental history and did[']t present it in my trial when I went to court in 1998 and [in the] most current post conviction filing that got dismissed

On November 28, the district court conducted a hearing on counsel's motion to extend time, but Harvey's counsel failed to appear. The court noted that counsel had requested an additional fifteen days in its motion, but that additional fifteen-day period had already lapsed. Therefore, the court declared the motion to extend time moot and entered an order summarily dismissing Harvey's successive petition for post-conviction relief without having seen or considered Harvey's affidavit. On December 11, Harvey's counsel filed a motion to reconsider, requesting the court reconsider its order summarily dismissing Harvey's successive petition based on the assertions contained in Harvey's November 2007 affidavit. The district court did not rule on the motion to reconsider.

Harvey timely appealed from the district court's summary dismissal of his successive petition. After appellate briefing was complete, this Court, on its own motion, entered an order of temporary remand, returning the case to the district court for action on the motion for

3

reconsideration and consideration of Harvey's November 2007 affidavit. On remand, the district court set aside its order of summary dismissal and allowed Harvey, through newly-appointed counsel, to file an amended successive post-conviction petition. Harvey filed the amended successive petition on December 15, 2009, alleging *trial counsel* had been ineffective for: (1) failing to file an appeal; (2) failing to request a competency examination pursuant to Idaho Code § 18-211; and (3) failing to request a competency hearing to determine whether Harvey was competent to assist counsel in his own defense.

The State moved to dismiss the amended successive petition, arguing it was an improper successive petition, time-barred, and not supported by an evidentiary basis. The district court granted the State's motion, summarily dismissing Harvey's amended successive petition upon finding that Harvey's ineffective assistance of counsel claims alleged in the petition were time-barred. The court also considered the "efficacy, if any" of Harvey's November 2007 affidavit, concluding the issues raised therein were "finally adjudicated" in Harvey's initial post-conviction action and provided no basis for overcoming the bar to successive petitions. Harvey now appeals the summary dismissal of his amended successive petition.

## II.

## ANALYSIS

Harvey contends the district court erred in summarily dismissing his amended successive petition for post-conviction relief because he successfully presented an issue of material fact as to whether ineffective assistance of post-conviction counsel established sufficient reason to file a successive post-conviction petition. An application for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with

4

respect to facts within the personal knowledge of the applicant, and affidavits, records, or other evidence supporting its allegations must be attached or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present, or be accompanied by, admissible evidence supporting its allegations or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

5

The statute of limitations for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). The limitations period specified in Idaho Code § 19-4902 may be tolled where the applicant was prevented from timely filing his action by incapacitating mental illness or the effects of psychotropic medication. *Chico-Rodriguez v. State*, 141 Idaho 579, 581, 114 P.3d 137, 139 (Ct. App. 2005); *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996). In order for the statute of limitations under the Uniform Post-Conviction Procedure Act to be tolled on account of a mental illness, an unrepresented petitioner must show that he suffered from a serious mental illness, which rendered him incompetent to understand his legal right to bring an action within a year or otherwise rendered him incapable of taking necessary steps to pursue that right. *Chico-Rodriguez*, 141 Idaho at 582, 114 P.3d at 140. Equitable tolling will apply only during the period in which the petitioner's mental illness actually prevented him from filing a post-conviction action; any period following conviction during which the petitioner fails to meet the equitable tolling criteria will count toward the limitation period. *Id*.

After a post-conviction action has been filed and concluded, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted, which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings, and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly-asserted allegations, or allegations inadequately raised in the initial application, to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction applicant with a

6

meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. Thus, when a second or successive application alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794. Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992).

Here, in its summary dismissal order, the district court first examined the two issues raised in Harvey's amended successive post-conviction petition, which alleged only that trial counsel was ineffective, and granted summary dismissal on the basis those issues had previously been litigated.[1] The court then turned to examination of the legal effect, if any, of Harvey's November 2007 affidavit, which it characterized as containing two assertions: (1) that Harvey received ineffective assistance of trial counsel because he was mentally ill and trial counsel failed to document or utilize that information properly;[2] and (2) that Harvey's failure to file a timely post-conviction petition was due to his mental illness.[3] The court first noted that by filing an amended successive petition for post-conviction relief in December 2009, Harvey "voided" his original successive petition in this case because the December 2009 amended successive petition did not reference or incorporate the prior pleadings, including Harvey's affidavit. Thus,

---

[1] Harvey does not appeal the district court's summary dismissal of these claims, and thus, we do not address them further.

[2] Again, Harvey does not appeal the district court's summary dismissal of his claim of ineffective assistance of *trial counsel* contained in the affidavit, and thus, we do not address it further.

[3] We note that the district court does not appear to have addressed the exact issue raised by Harvey on appeal--concerning the ineffectiveness of *post-conviction* counsel--examining only the allegation of ineffectiveness as pertaining to *trial* counsel. Examination of the affidavit does not fully clarify whether this issue as advanced by Harvey on appeal was actually raised below, as it is not clear to what counsel Harvey is referring to in referencing his "attorney" in paragraph one and the Bonneville County Public Defender's officer in paragraph four. However, even if we assume the issue was properly raised below and should have been addressed by the district court, we may affirm the summary dismissal on alternate grounds. *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996) (holding that if an order of the trial court is incorrect on a particular theory, but is supported by an alternative legal theory, the appellate court may uphold the trial court's decision).

7

the court determined it should not consider the affidavit, or any prior pleadings, as asserting claims for relief; however, citing the order from this Court to consider the effect of the affidavit, if any, the court continued its analysis of the merits of the claims it identified in the affidavit, characterizing it as a successive petition.

In response to Harvey's assertions in his affidavit that his mental illness caused the delay in filing his post-conviction petition, the district court again found that Harvey had raised essentially this same issue in his initial post-conviction petition and this Court had affirmed the district court's summary dismissal of the issue because Harvey provided no admissible evidence that created an issue of material fact as to whether he had been incapable of filing a timely post-conviction application due to mental illness or psychotropic drugs. Thus, the district court determined Harvey could not raise the issue again in a successive petition.

On appeal, Harvey first contends the district court erred in concluding the issues referenced in his affidavit, but not in his amended successive petition, were not properly before the court because they were superseded by the claims in the amended successive petition. Harvey concedes that while an amended pleading generally supersedes prior pleadings and Harvey's amended successive petition failed to expressly incorporate prior documents, "it is evident that [he] intended to incorporate his prior statements and they should therefore be considered as properly before the district court." Specifically, he contends that because the amended successive petition is labeled "Petition and Affidavit" and no affidavit was actually filed, "[i]t must be assumed that counsel intended to provide factual support for [his] claims and, thus, the failure to expressly incorporate previously filed documents must be considered a scrivener's error." Accordingly, Harvey argues this Court should consider the pro se pleadings constituting Harvey's original successive petition and his affidavit in determining what claims were raised and whether Harvey demonstrated an issue of material fact as to these claims--specifically, as to whether his initial post-conviction petition was summarily dismissed as untimely due to post-conviction counsel's failure to adequately support Harvey's claim that his mental illness prevented him from filing a timely initial post-conviction petition.

As the State points out, and as Harvey concedes, where a post-conviction petition is amended, it takes the place of the original petition, just as in any other civil action an amended complaint "takes the place of the original complaint." *Hollon v. State*, 132 Idaho 573, 576 n.1, 976 P.2d 927, 930 n.1 (1999) (citing *Andrews v. Moore*, 14 Idaho 465, 94 P. 579 (1908)).

8

Additionally, while our rules of civil procedure allow statements in one pleading to be adopted by reference in another pleading, *see* I.R.C.P. 10(c), the district court correctly noted that Harvey's amended successive petition did not "reference or incorporate" the statements contained in his original successive petition concerning his mental illness and ineffective assistance of post-conviction counsel. Harvey's assertion, that because counsel labeled the petition "Petition and Affidavit" and it was "very brief and general" we must assume counsel intended to provide factual support for Harvey's claims and that the failure to expressly incorporate previously filed documents amounted to a "scrivener's error," is not supported by any authority. Not only would such an application stretch the definition of "scrivener's error" to unprecedented boundaries, it does not explain the deficiency in the amended successive petition in regard to the issue pursued on appeal. Contrary to Harvey's characterization, the district court considered the issues raised in the prior pleadings and affidavits as "void" on the basis the amended successive petition failed to assert the effectiveness of post-conviction counsel claim *at all*, not on the basis that those claims were asserted but lacked factual support.

However, even if we assume the claim advanced by Harvey on appeal that was referenced in Harvey's affidavit and allegedly in his original pro se successive post-conviction petition pleadings[4] was not voided by the amended successive petition and was properly before the district court, we conclude summary dismissal was appropriate. The only statements supporting this claim are contained in Harvey's affidavit where he contends he suffers from "scizo effective disorder and mild retardation," his mental illness "delayed" his post-conviction filing, and the Bonneville County Public Defender's office knew of his mental state but failed to "present it" in regard to his initial post-conviction petition. However, for this claim to survive summary dismissal there must be an issue of fact as to whether Harvey was unable to file a timely post-conviction petition due to mental illness, such that there is a basis for finding post-conviction counsel was ineffective for not presenting evidence on the issue. This Court concluded in Harvey's previous appeal that Harvey had not succeeded in doing so, noting that:

---

[4]    Interpreting Harvey's civil rights complaint as having raised any cognizable issue regarding post-conviction counsel's failure to raise his mental health status would require an extremely liberal interpretation of the assertions in that document; however, for the purpose of argument we will assume as much.

> Harvey's factual assertions consist of symptoms occurring prior to his conviction, noting the positive effect of medication during his imprisonment, statements of fear and confusion existing through trial, and self-identification of being retarded, mentally unstable, incompetent and insane. Even interpreting this evidence in a light most favorable to him as the nonmoving party, Harvey has provided no evidence that he was incapable of filing his application due to mental illness or psychotropic drugs. . . . Although Harvey did present some evidence that he suffers from a mental illness, he did not present admissible evidence supporting his assertion that he was unable to timely file his application because of his mental illness. There simply were no facts presented to raise an issue of material fact.

*State v. Harvey*, Docket No. 32802 (Ct. App. Nov. 29, 2007) (unpublished).

Harvey has failed to cure the deficiencies that plagued his attempt to avoid summary dismissal of his initial petition as being untimely. While he references the issue in his affidavit, his statements are merely conclusory assertions regarding his mental illness diagnoses and that such diagnoses were the cause of his failure to file a timely petition, essentially a reiteration of his contentions in regard to his initial post-conviction petition. *See Payne*, 146 Idaho at 561, 199 P.3d at 136 (noting that a court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law). Specifically, he did not present any admissible evidence to support his contention, necessary for tolling the post-conviction statute of limitations, that he was *unable* to timely file his petition due to mental illness. A mere assertion of having mental illness, even if true, is not sufficient to toll the applicable statute of limitations because that mental illness must have prevented the filing of a timely post-conviction action. And, as we indicated in his previous appeal, a mere unsupported assertion that his alleged mental illness caused him to file an untimely petition does not raise an issue of material fact. Accordingly, even if we assume the amended successive petition incorporated the allegations contained in the original successive petition and subsequent affidavit and the issue of post-conviction counsel's performance was properly before the district court, summary dismissal was appropriate because Harvey did not present evidence creating an issue of material fact which, if decided in his favor, would entitle him to relief. The district court's summary dismissal of Harvey's amended successive petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

10