IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40068

| KENNETH D. RAWLEY, | ) | 2013 Unpublished Opinion No. 767 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Jeff M. Brudie, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Kenneth D. Rawley, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kenneth D. Rawley appeals from the district court's summary dismissal of his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court reviewed the circumstances of Rawley's conviction in *State v. Rawley*, Docket No. 32440 (Ct. App. Aug. 27, 2008) (unpublished):

Early in the morning on New Year's Day, a fight broke out in a bar in Northern Idaho.  The fight resulted in the victim being stabbed in the neck with a sharp object.  The stab wound required the victim to be flown to Spokane for several hours of emergency surgery.  Based on the incidents surrounding the fight, Rawley was charged with three counts of misdemeanor battery for punching three individuals and one count of aggravated battery for stabbing the victim.  Rawley pled not guilty and the case proceeded to trial.

Shortly before Rawley's trial, a retired Emergency Medical Technician (the EMT) was disclosed to be called as a witness by the state.  On the second day of Rawley's trial, the EMT arrived and spoke to the prosecutor in the hall.

1

After discussing the matter, the EMT did not testify at that time and was told by the prosecutor that her testimony was no longer needed. Rawley's counsel then spoke with the EMT, and she subsequently testified on Rawley's behalf. The EMT testified that, as she went to render aid to the victim, she bumped into a man who had tattoos on his arms and face, had blood on his hands and face, and was carrying what looked like it could have been a knife. Despite the similarities between the man the EMT described and Rawley, the EMT testified that the man she bumped into was not Rawley. Several other witnesses testified that Rawley provoked the fight inside the bar, that Rawley was the only individual involved in the fight with the victim the evening in question, and that Rawley punched the victim in the jaw seconds before the victim's stab wound in his neck was discovered.

A jury found Rawley guilty of all counts, including the aggravated battery charge at issue in this appeal. I.C. §§ 18-903, 18-907. The district court entered a judgment of conviction and sentenced Rawley to a unified term of fifteen years, with a twelve-year minimum period of confinement. Rawley appeals, challenging the denial of his motion for a mistrial, asserting claims of prosecutorial misconduct, contending the cumulative errors deprived him of due process, and challenging the excessiveness of his sentence.

We affirmed Rawley's judgment of conviction.

Rawley subsequently filed a pro se petition for post-conviction relief and after counsel was appointed, two amended petitions were filed. Rawley alleges he obtained ineffective assistance of trial counsel. The State filed a motion for summary dismissal which the district court granted. Rawley timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner,

and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is

appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Rawley's post-conviction petition alleges his trial counsel provided ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the

petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient for failing to interview witnesses, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. *Id.* It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.* It is not enough to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial, without providing through affidavit, nonhearsay evidence of the substance of the witnesses' testimony. *Id.* at 770, 185 P.3d at 926.

Rawley alleges his trial counsel were ineffective in failing to investigate roughly twenty-seven to fifty witnesses who were at the bar that could have offered exculpatory evidence. The district court found that the investigation by Rawley's attorneys fell within the scope of reasonable conduct, and that Rawley failed to show how witness interviews would have impacted the outcome of his trial. Rawley's attorneys investigated several witnesses, utilized police reports, and prepared a sound defense strategy. And as Rawley points out, multiple witnesses who were not interviewed provided testimony at the preliminary hearing describing the events of the altercation. Rawley's attorneys' conduct fell within the reasonable scope of professional conduct. Additionally, Rawley offered no admissible evidence to support his assertion that these witnesses would have offered exculpatory evidence. Whether the witnesses would have provided exculpatory evidence is speculation and is not sufficient to survive summary dismissal.

5

Rawley also contends that his attorneys provided ineffective assistance of counsel by failing to interview the EMT when they learned (four days prior to trial) that she was a potential witness. The district court found Rawley presented no evidence that he was prejudiced at trial by his attorneys for not interviewing the EMT before trial. Rawley claims that if his attorneys had interviewed the EMT, they could have more effectively prepared the defense since the EMT testified that the man she bumped into with bloody arms was not Rawley. However, Rawley failed to present evidence of how interviewing the EMT before trial would have led to a different defense or affected the result of his trial.

In addition, Rawley claims his attorneys should have accepted the court's offer of a continuance when they learned of the EMT's exculpatory testimony. In a deposition, Rawley's attorneys indicated that in hindsight, they should have asked for more time to prepare and interview the EMT before calling her as a witness. Yet, as noted by the district court in its findings, Rawley's attorneys interviewed the EMT before calling her as a witness. Rawley acknowledges that the EMT's testimony would not have been different. Instead, again, he asserts that a different defense may have been developed, perhaps pointing to the man the EMT saw. However, Rawley's mere assertion that a continuance should have been obtained to conduct a further interview with the EMT, in the hopes of developing a different defense strategy, is insufficient to raise a genuine issue of fact as to the ineffective assistance of counsel claim.

Finally, Rawley asserts his post-conviction counsel failed to present the necessary evidence to avoid summary dismissal and did not raise key issues in his post-conviction petition. There is no constitutionally-protected right to the effective assistance of counsel in post-conviction relief proceedings. *Rios-Lopez v. State*, 144 Idaho 340, 343, 160 P.3d 1275, 1278 (Ct. App. 2007). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide sufficient reason for permitting newly-asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999).

Rawley's appeal of the order summarily dismissing his petition for post-conviction relief does not properly bring before this Court the issue of whether his post-conviction counsel was ineffective.[1]

Throughout his appeal, Rawley makes numerous other challenges that were not raised in his petition for post-conviction relief or addressed by the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). We decline to address Rawley's other claims not considered by the district court.

## III.

## CONCLUSION

The district court did not err by dismissing Rawley's petition for post-conviction relief. Therefore, the order summarily dismissing Rawley's petition for post-conviction relief is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1] Rawley relies on *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), in support of his request to have this Court review his claim of ineffective post-conviction counsel. *Martinez* is inapposite to this case. The United States Supreme Court decided a question of access to a federal habeas proceeding denied by a procedural default; the decision was based on equitable principles and not on constitutional principles. *Id.* at __, 132 S. Ct. at 1319. *Martinez* had no effect on state court post-conviction review.