IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40998

| JAMES TIMOTHY HAAS, | ) | 2014 Unpublished Opinion No. 302 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge.

Order dismissing successive petition for post-conviction relief, <u>affirmed</u>.

James Timothy Haas, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

James Timothy Haas appeals from the district court's order dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 1999, a jury found Haas guilty of sexual battery of a minor child, sixteen or seventeen years of age. I.C. § 18-1508A. The district court sentenced Haas to a unified term of twenty-five years, with a minimum period of confinement of nine years. Haas filed an inmate request form expressing his desire to appeal and requesting legal assistance in filing such appeal. Despite this request being forwarded to the public defender's office, no appeal was filed. Haas then filed an I.C.R. 35 motion and his first petition for post-conviction relief. The same counsel was appointed to represent Haas in both the motion and the petition.

Haas and the state reached an agreement whereby his I.C.R. 35 motion would be determined on its merits following a hearing and the post-conviction petition would be

dismissed.  After a hearing on the I.C.R. 35 motion, the district court modified Haas's sentence to a unified term of twenty-five years, with a minimum period of confinement of seven years.[1]

Seven years later, Haas filed a second petition for post-conviction relief asserting, as one ground for relief, ineffective assistance of counsel due to the failure to file an appeal.  The district court conducted an evidentiary hearing and thereafter dismissed the petition.  The district court based its decision upon I.C. § 19-4908, finding that Haas failed to demonstrate why his claims were inadequately raised in his first petition for post-conviction relief.  Haas did not appeal.

Fifteen months later, Haas filed his third petition for post-conviction relief, which forms the basis of this appeal.  The petition again asserted ineffective assistance of counsel for failure to file the appeal.  The petition also asserted deficiencies by counsel at trial, regarding the I.C.R. 35 motion, and in the first post-conviction petition.  The district court issued a notice of intent to dismiss as untimely and allowed Haas forty days to respond.  Haas responded, arguing there is no time limitation for successive petitions and that *Martinez v. Ryan,* ___ U.S. ___, 132 S. Ct. 1309 (2012) allows his claim to proceed.  The state replied, asserting the petition should be dismissed as barred under I.C. § 19-4908 and because of res judicata.  Haas filed a sur-reply and again cited the *Martinez* decision.  The district court dismissed Haas's third petition because he failed to provide a sufficient reason justifying a successive petition.  Haas appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature.  I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992).  Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based.  *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).  A petition for post-conviction relief differs from a complaint in an ordinary civil action.  *Dunlap v. State*, 141

---

[1]     According to the order dismissing the second petition, the district court initially entered a conditional order dismissing the first post-conviction petition and indicated it would enter a final order after the I.C.R. 35 motion.  However, following the I.C.R. 35 motion, the district court failed to enter a final order dismissing the petition.

Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

**III.**

**ANALYSIS**

Haas argues that he received ineffective assistance at the trial court, appellate, and post-conviction levels.[2] The state argues that Haas has failed to show the district court erred in summarily dismissing his successive petition for post-conviction relief.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide

---

[2] Haas also argues his sentence is excessive. However, given our disposition below, we do not reach this issue.

4

sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez v. State*, 133 Idaho 794, 799, 992 P.2d 789, 794 (Ct. App. 1999). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

Here, the district court dismissed Haas's petition on the basis that he did not provide a sufficient reason why his ineffective assistance claims were not asserted or were inadequately raised in his first two petitions. On appeal, Haas addresses this by arguing his first post-conviction counsel (who also represented Haas on the I.C.R. 35 motion) coaxed Haas into dismissing the first petition and receiving a reduced minimum period of confinement (a deal that Haas has become dissatisfied with).[3] Haas's allegation on this issue is conclusory and does not explain or allege how counsel coaxed him into taking the deal or how counsel was otherwise ineffective. Further, Haas does not explain why this claim was inadequately addressed in his second petition for post-conviction relief.

Moreover, Haas's successive petition fails to meet the reasonable time standard. The district court dismissed the second petition on April 18, 2011. Haas did not file the third petition until fifteen months later. Haas has not alleged any reason to justify this delay. Therefore, based upon the circumstances of this case, we hold such delay was unreasonable.

---

[3]   We also note that in Haas's reply brief, he alleges a conflict of interest existed in that the same counsel represented him at trial, when requesting his direct appeal, at the I.C.R. 35 motion, and in both prior petitions for post-conviction relief. While the record does indicate that Haas had the same counsel for the I.C.R. 35 motion and both previous petitions, there is no indication this counsel represented Haas at trial or represented him when he requested an appeal.

Haas cites to *Martinez*, ___ U.S. ___, 132 S. Ct. 1309, asserting it demonstrates the district court erred. However, *Martinez* does not have direct application here. *Martinez*, in short, stands for the following proposition:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, ___ U.S. at ___, 132 S. Ct. at 1320. *Martinez* only stands for the narrow proposition that a federal court in a habeas corpus case may excuse a procedural default of an ineffective assistance of trial counsel claim when the claim was not properly presented because of ineffective assistance of post-conviction counsel. Thus, *Martinez* allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. Here, Haas has failed to adequately allege that he received ineffective assistance in either of his previous petitions for post-conviction relief.

Haas also argues that, because no final order was entered dismissing his first petition for post-conviction relief, the time limitation applicable to proceedings brought under the Uniform Post-Conviction Procedure Act is tolled. However, this argument was not raised before the district court. Therefore, we will not address this issue. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (generally, issues not raised below may not be considered for the first time on appeal). If Haas desires that this argument be considered, he is required to raise it before the district court.[4]

## IV.

## CONCLUSION

Haas has failed to demonstrate sufficient reason why the claims raised in the instant petition were not asserted or were inadequately raised in his two prior petitions for post-conviction relief. Haas has also failed to demonstrate a sufficient reason justifying the delay of fifteen months in filing this successive petition. Therefore, the district court's order dismissing

---

[4] We express no opinion on the merits of this argument, whether there is a remedy for a failure to enter a final order dismissing the first post-conviction petition, or what effect the failure to file that order has upon any time limitations under the Uniform Post-Conviction Procedure Act.

Haas's successive petition for post-conviction relief is affirmed.  No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**